No. 16-10157

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

**UNITED STATES OF AMERICA**,
PLAINTIFF-APPELLEE,

v.

**ROBIN DIMICELI**,
DEFENDANT-APPELLANT

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
D.C. NO. 2:12-CR-328-WBS

_____

**UNITED STATES'S OPPOSITION TO MOTION TO STAY
EXECUTION OF SENTENCE**

_____

PHILLIP A. TALBERT                          ROGER YANG
Acting United States Attorney           TODD A. PICKLES
                                    Assistant U.S. Attorneys
CAMIL A. SKIPPER                 Eastern District of California
Assistant U.S. Attorney            501 I Street, Suite 10-100
Appellate Chief                   Sacramento, California 95814
                                  Telephone: (916) 554-2700

                                    Attorneys for Appellee

## TABLE OF CONTENTS

Table of Contents...................................................................i

Table of Authorities ......................................................... iii

Introduction ....................................................................6

Bail Status ......................................................................6

Statement of the Case....................................................2

    I.  Dimiceli is convicted of mail fraud and loan fraud
       as part of a mortgage fraud scheme. .........................2

    II. The district court sentences Dimiceli to 36 months
       imprisonment. ....................................................4

    III.The district court denies Dimiceli's motion for bail
       pending appeal. ...................................................5

Argument ......................................................................6

    I.  The court should deny Dimiceli's motion for bail
       pending appeal because she failed to raise any
       substantial questions on appeal. .............................6

       A. Standard of Review ...........................................6

       B. Dimiceli's below-Guidelines sentence was
          substantively reasonable.....................................7

       C. The court did not plainly err in calculating loss...............10

       D. There was sufficient evidence of mailings to
          support Dimiceli's mail fraud convictions.........................12

       E. Dimiceli's claims of ineffective assistance are
          not ripe and otherwise lack merit. ....................................14

          1.  An ineffective assistance claim is premature..............14

    2.   Dimiceli failed to show a substantial question regarding the performance of her trial counsel ..................................................... 15

II. Dimiceli's Rule 9 argument establishes her own violation of the rule. ................................................. 18

Conclusion ......................................................................... 20

Statement of Related Cases ................................................ 21

Certificate of Service ......................................................... 23

TABLE OF AUTHORITIES

## Federal Cases

Cullen v. Pinholster,
    563 U.S. 170 (2011) ........................................................................ 16

Horton v. Mayle,
    408 F.3d 570 (9th Cir. 2005) .......................................................... 17

Jackson v. Virginia,
    443 U.S. 307 (1979) ........................................................................ 13

McElvain v. Lewis,
    283 F. Supp. 2d 1104 (C.D. Cal. 2003) .......................................... 17

Rita v. United States,
    551 U.S. 338 (2007) .......................................................................... 8

Strickland v. Washington,
    466 U.S. 668 (1984) ................................................................. 16, 18

United States v. Armstead,
    552 F.3d 769 (9th Cir. 2008) .......................................................... 11

United States v. Aubrey,
    800 F.3d 1115 (9th Cir. 2015) ........................................................ 10

United States v. Bennett,
    444 F.2d 535 (9th Cir. 1971) .......................................................... 19

United States v. Birges,
    723 F.2d 666 (9th Cir. 1984) .......................................................... 15

United States v. Blinkinsop,
    606 F.3d 1110 (9th Cir. 2010) .......................................................... 7

iii

United States v. Carter,
    560 F.3d 1107 (9th Cir. 2009) ...........................................................7

United States v. Carty,
    520 F.3d 984 (9th Cir. 2008) .......................................................7, 8

United States v. Cupa-Guillen,
    34 F.3d 860 (9th Cir. 1994) ..............................................................7

United States v. Ellsworth,
    456 F.3d 1146 (9th Cir. 2006) ...........................................................7

United States v. Endicott,
    803 F.2d 506 (9th Cir. 1986) .............................................................8

United States v. Handy,
    761 F.2d 1279 (9th Cir. 1985) ...........................................................6

United States v. Houtchens,
    926 F.2d 824 (9th Cir. 1991) ...........................................................14

United States v. Jennings,
    711 F.3d 1144 (9th Cir. 2013) .........................................................10

United States v. Laughlin,
    933 F.2d 786 (9th Cir. 1991) ...........................................................14

United States v. Meyers,
    847 F.2d 1408 (9th Cir. 1988) ......................................................7, 8

United States v. Montoya,
    908 F.2d 450 (9th Cir. 1990) .............................................................6

United States v. Morris,
    744 F.3d 1373 (9th Cir. 2014) ...........................................................4

United States v. Olano,
    507 U.S. 725 (1993) ........................................................................12

iv

United States v. Pelisamen,
   641 F.3d 399 (9th Cir. 2011) ........................................................ 12

United States v. Pope,
   841 F.2d 954 (9th Cir. 1988) ........................................................ 15

United States v. Ross,
   206 F.3d 896 (9th Cir. 2000) ........................................................ 14

United States v. Stargell,
   738 F.3d 1018 (9th Cir. 2013) .................................................. 10, 11

United States v. Steele,
   733 F.3d 894 (9th Cir. 2013) ........................................................ 14

United States v. Wheeler,
   795 F.2d 839 (9th Cir. 1986) ........................................................ 19

United States v. Williams,
   693 F.3d 1067 (9th Cir. 2012) ...................................................... 10

## Federal Statutes

18 U.S.C. § 1014 ................................................................................ 2

18 U.S.C. § 1341 ................................................................................ 2

18 U.S.C. § 3143(b) ................................................................. 6, 19, 20

18 U.S.C. § 3553(a) ......................................................................... 5

28 U.S.C. § 2255 .............................................................................. 14

## Federal Rules

Fed. R. App. P. 9(a)(1) ................................................................. 1, 18

v

## INTRODUCTION

The United States opposes Robin Dimiceli's motion for bail pending appeal because she does not raise a substantial question of law or fact. Dimiceli's below-Guidelines sentence was not substantively unreasonable, nor does it create an Equal Protection Clause violation. The District Court properly accepted trial counsel's concession regarding the inevitability of the loss calculation, and noted that there was ample evidence concerning the mailings to survive review for sufficiency of the evidence. Finally, Dimiceli's failure to comply with Fed. R. App. P. 9(a)(1) establishes that this appeal is taken for the purposes of delay and should be grounds for denial of the motion. Therefore, this Court should deny her motion for bail pending appeal.

## BAIL STATUS

Dimiceli is currently in the custody of the Federal Bureau of Prisons. Her projected release date is January 22, 2019.

vi

## STATEMENT OF THE CASE

## I.    Dimiceli is convicted of mail fraud and loan fraud as part of a mortgage fraud scheme.

On November 10, 2015, a jury convicted Dimiceli of six counts of mail fraud in violation of 18 U.S.C. § 1341 and six counts of false statements on loan applications, in violation of 18 U.S.C. § 1014. Dimiceli's co-defendant, Edward Khalfin, was convicted of 13 counts of mail fraud and 13 counts of false statements on loan aplications. Both Dimiceli and Khalfin were mortgage brokers in a mortgage fraud scheme orchestrated by Volodymyr Dubinsky and Leonid Doubinski ("the Dubinsky brothers"), who built and sold homes in Sacramento, Carmichael, and Copperopolis, California.

Dimiceli was a licensed real estate salesperson who brokered 10 mortgage loans for buyers in the Dubinsky developments, including three purchases of her own.  Each of the loan applications for the six charged transactions, as well as for Dimiceli's purchases, contained lies about the borrowers' employment, income, assets, and intent to occupy as primary residences.  In many instances, Dimiceli submitted loan applications for the same borrower to two different

lenders for different properties at the same time to push through as many loans as possible.

Jhonvieve Soria, a loan processor for Dimiceli, testified that Dimiceli would instruct Soria to calculate and submit income amounts necessary to qualify for loans Soria was processing for Dimiceli / the Dubinsky brothers. Many of the straw buyers who purchased homes in the Dubinksy brothers' developments also testified that, although the loan documents stated that Dimiceli had interviewed and obtained information from the the borrower, she never met or spoke with them about the loans, and the information on the applications did not come from them.

When Dimiceli bought properties, she received kickbacks from the Dubinsky brothers that were hidden from lenders through false invoices for work that was never done or non-existent upgrades. The evidence also demonstrated that Dimiceli grossly misrepresented her income in the loan applications for her houses, asserting she was making upwards of $35,000 per month for one purchase. At trial, her bank records, tax records, and the testimony of her business partner showed she was making only a small fraction of that amount.

## II. The district court sentences Dimiceli to 36 months imprisonment.

On April 11, 2016, District Judge William B. Shubb sentenced Dimiceli and her co-defendant Khalfin, as well as three cooperating defendants who pleaded guilty in a related case.

The Probation Officer prepared a presentence investigation report and determined the loss caused by the mortgage fraud scheme based on the amount of the loans obtained for each property less the amount recovered through foreclosure. *See United States v. Morris*, 744 F.3d 1373, 1375 (9th Cir. 2014); PSR, ¶¶ 10, 11, 20. For Dimiceli, the amount was $2.07M, resulting in a 16-level increase under the Guidelines. Applying a two-level upward adjustment for abuse of skill or trust, the total offense level was 25, and the advisory sentencing range was 57-71 months.

Dimiceli filed written objections to both the loss enhancement and the abuse of trust adjustment. With respect to the loss enhancement, she argued that was no loss was suffered due to the housing bubble and the securitization of mortgage loans, and that the government did not present evidence of the foreclosures at trial that the Probation Officer used to calculate loss. At the sentencing

4

hearing, Dimiceli waived an evidentiary hearing to challenge the prosecution's proffer as to the loss amount. The Court overruled Dimiceli's objections, rejected her legal theories, and found the total offense level was 25. The United States requested a sentence of 57 months, the low end of the advisory Guidelines range.

Dimiceli's allocution implied that she was a victim of the Dubinsky brothers and unknowingly submitted false loan applications (she had no explanation for the lies on her own loan applications). The Court considered the factors under 18 U.S.C. § 3553(a) and varied downward to impose a sentence of 36 months imprisonment. Dimiceli was set to self-surrender on June 14, 2016.

### III. The district court denies Dimiceli's motion for bail pending appeal.

On June 13, 2016, the District Court heard Dimiceli's "motion to stay execution of sentence" pending appeal. Dimiceli made two claims of substantial questions on appeal: (1) her trial counsel was constitutionally ineffective and (2) there was insufficient evidence of mailings to support her mail fraud convictions. The District Court rejected her arguments and concluded that she failed to raise substantial factual or legal issues and denied her motion. The court

5

noted that Dimiceli's purported ineffectiveness claim was based on speculation and facts outside the record.

## ARGUMENT

**I. The court should deny Dimiceli's motion for bail pending appeal because she failed to raise any substantial questions on appeal.**

### A. Standard of Review

Bail pending appeal is only appropriate when the appeal is not for the purpose of delay and the defendant raises a substantial question of law or fact likely to result in either reversal, an order for a new trial, a non-prison sentence, or a reduced sentence that would likely be completed prior to the disposition of the appeal. 18 U.S.C. § 3143(b). "A 'substantial question' is one that is 'fairly debatable,' or fairly doubtful. In, short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (internal citations omitted). The legal or factual question must be one that is "a close question or one that very well could be decided the other way." *Id*. Dimiceli has the burden of proof to show that she has raised a "fairly debatable" issue on appeal. *United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

6

**B.**   **Dimiceli's below-Guidelines sentence was substantively reasonable.**

A defendant's challenge to her sentence based on a co-defendant's lower sentence is not cognizable as an equal protection claim. *See United States v. Ellsworth*, 456 F.3d 1146, 1149 (9th Cir. 2006) (discussing rational basis review of sentencing ranges of defendants convicted under different statutes); *United States v. Cupa-Guillen*, 34 F.3d 860, 864 (9th Cir. 1994) (noting equal protection claim requires some sort of classification difference). Claims that sentencing disparities between co-defendants are erroneous are generally reviewed for substantive reasonableness. *See United States v. Carter*, 560 F.3d 1107, 1120-21 (9th Cir. 2009) (properly analyzing and rejecting equal protection and substantive unreasonableness challenge to disparate sentence between co-conspirators). The District Court did not abuse its discretion when sentencing Dimiceli.[1] *United States v. Meyers*, 847 F.2d 1408, 1416

---

[1] The abuse of discretion standard applies to all sentencing decisions. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (*en banc*); *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). A reviewing court may not reverse a sentence because it thinks a different sentence is appropriate. *Carty*, 520 F.3d at 993. Further, as this Court has recognized, "a Guidelines sentence

(9th Cir. 1988). "Disparate sentences alone normally do not constitute an abuse of discretion." *Id.* (*citing United States v. Endicott*, 803 F.2d 506, 510 (9th Cir. 1986). Although the United States requested a sentence of 57 months for both defendants—and continues to believe such a sentence was warranted—there is nothing substantively unreasonable about Dimiceli's 36-month sentence, even in comparison to that imposed on Khalfin.

Here, the court imposed a sentence below well below the advisory Guidelines despite the fact that this was a wide-ranging mortgage fraud scheme in which Dimiceli played a crucial role. Dimiceli exploited the policies and procedures established by the lenders to push fraudulent loan after fraudulent loan through their systems. She knew the statements on the loan applications were false but continued submitting the applications to earn her commissions. She herself took advantage, obtaining at least two

---

'will usually be reasonable,' and 'when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Carty*, 520 F.3d at 994 (citing *Rita v. United States*, 551 U.S. 338, 350-51 (2007)).

properties of her own through the scheme. And the scheme itself was substantial. With respect to Dimiceli, loan applications were submitted to no less than four lenders (Washington Mutual, Wells Fargo, Greenpoint, and Countrywide) causing a loss of over $2M. Further, the nature of this scheme had the effect of not just causing a few bad loans to exist in disparate areas. Instead, it meant the valuation of several housing developments were propped up by fraud, and the risk of plunging home values was passed from the developers to the victims – the lenders who funded bad loans and the legitimate homebuyers who bought the Dubinsky brothers' homes. All of these factors demonstrate that Dimiceli's 36-month sentence was substantively reasonable.

Nonetheless, she claims that co-defendant Khalfin received only a 6-month sentence but with the imposition of a fine and this means her sentence is unreasonble. The district court explained that it did not give Khalfin a lower sentence because he was wealthy and could afford a fine. Instead, the District Judge stated that he considered Khalfin's health and his exemplary prior work. Further, Khalfin profited far less than Dimiceli, who received not only

9

commissions, but money from the Dubinsky brothers as a straw buyer (something Khalfin was not). Although the United States believes Khalin's sentence was too lenient, that does not somehow mean Dimiceli's below-Guidelines sentence is substantively unreasonable. Thus, Dimiceli has not raised a substantial question regarding the reasonableness of her sentence.

### C. The court did not plainly err in calculating loss.

This Court reviews "the district court's interpretation of the Guidelines de novo, its application of the Guidelines to the facts for an abuse of discretion, and its factual findings for clear error." *United States v. Jennings*, 711 F.3d 1144, 1146 (9th Cir. 2013) (citing *United States v. Williams*, 693 F.3d 1067, 1072 (9th Cir. 2012)). Where a defendant previously challenged the "district court's factual calculation of the amount of loss under the Guidelines," this is reviewed for "clear error." *United States v. Aubrey*, 800 F.3d 1115, 1132 (9th Cir. 2015) (citing *United States v. Stargell*, 738 F.3d 1018, 1024 (9th Cir. 2013)). A district court clearly errs only if "on the entire evidence, [a reviewing court] is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations and

10

internal quotations omitted). Alternatively where a defendant newly challenges the calculation of loss on appeal having not raised the challenge below, that is reviewed for plain error. *United States v. Armstead*, 552 F.3d 769, 779 (9th Cir. 2008).

Here, although Dimiceli initially objected to the loss amount, she withdrew her challenge at the sentencing hearing. Thus any claim on appeal will be subject to plain error review. The court did not plainly err in adopting the loss amount in the PSR once Dimiceli no longer requested an evidentiary hearing. The United States explained in its submissions that the loss amount used by the Probation Office properly subtracted the amount obtained in foreclosure from the balance owed on the loan, and that it would present at a hearing the publicly-available documents demonstrating the foreclosure sale amounts (and the loan / sale amounts were introduced at trial). Dimiceli, who has the burden both in this bail motion and under a plain error analysis, has failed to show any error by the Court in accepting the uncontested loss amount, much less one that affected her substantial rights—particularly when the Court imposed a below-Guidelines sentence. As such, she has failed to

11

raise a substantial question regarding the calculation of loss under the advisory Guidelines.

### D. There was sufficient evidence of mailings to support Dimiceli's mail fraud convictions.

Dimiceli failed to file a Rule 29 motion, therefore on appeal, her challenge to the sufficiency of evidence will be reviewed for plain error. *See United States v. Pelisamen*, 641 F.3d 399, 409 n.6 (9th Cir. 2011). "The plain-error standard of review dictates that reversal is warranted only where there has been (1) error; (2) that is plain; (3) that affects substantial rights; and (4) where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 404; *see also United States v. Olano*, 507 U.S. 725, 732 (1993). Further, when applying plain error review with respect to sufficiency of the evidence, the Court "must give great deference to the jury verdict and 'must affirm if any rational trier of fact could have found the evidence sufficient.'" *Pelisamen*, 641 F.3d at 409 n.6 (citations omitted).

At trial, the United States called two county clerks (one from Sacramento and one from Calaveras County) who discussed that it is the habit, custom, and practice of those county recorders to mail

12

deeds of trust to the lenders after they are recorded.  Although each witness noted occasions where couriers picked up recorded deeds of trust (in the case of the Calaveras County recorder, she was only aware of three times over her decades in the office that a courier picked up a deed of trust), the markings and instructions for the deeds of trust to the county recorders asked that they be mailed. Moreover, the lenders were located out-of-state or in Southern California, further reducing the likelihood that a courier picked up the deeds found in the lenders' files.  It is well established that, when "faced with a record of historical facts that supports conflicting inferences [a court] must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. 307, 326 (1979).  Thus, the jury is presumed to resolve any conflicts in favor of finding that the deeds were mailed.  Accordingly, given the deferential standard of plain error review and sufficiency of the evidence, the defendant's bare allegation of insufficient proof does not create a substantial question as to whether the mailings occurred.

### E. Dimiceli's claims of ineffective assistance are not ripe and otherwise lack merit.

#### 1. An ineffective assistance claim is premature

A claim of ineffective assistance of counsel should be brought as a habeas corpus claim under 28 U.S.C. § 2255. Ineffective assistance of counsel claims are a form of collateral attack and not properly considered on direct appeal. *See United States v. Steele*, 733 F.3d 894 .897 (9th Cir. 2013) (stating that ineffective assistance of counsel claims are "generally inappropriate on direct appeal" and should be raised via habeas corpus); *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000). This Court has consistently stated that it will not review challenges to the effectiveness of defense counsel on direct appeal. *See, e.g., United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir. 1991) (noting generalized assertions were only record, lack of opportunity for former defense counsel to explain actions, and lack of foundation for alleged errors); *United States v. Houtchens,* 926 F.2d 824, 828 (9th Cir. 1991); *United States v. Birges*, 723 F.2d 666, 670 (9th Cir. 1984). This is primarily because habeas corpus proceedings allow full development of facts outside the trial record that are

necessary to evaluate an ineffective assistance of counsel claim. *See United States v. Pope*, 841 F.2d 954, 958 (9th Cir. 1988) ("Challenge by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted."). This is particularly true in this case where Dimiceli, in her pending motion, repeatedly refers to alleged extra-record evidence to ostensibly support her claims of ineffective assistance, including with respect to the issue of her testifying. As the district court properly noted, her trial counsel's statements about the interaction with Dimiceli and the decision-making would be critical on this issue. Because an ineffective assistance of counsel claim on direct appeal is not likely to succeed in overturning the verdict, the claim fails to raise a substantial question of law or fact, and this Court should deny the motion to stay execution of sentence.

> **2. Dimiceli failed to show a substantial question regarding the performance of her trial counsel**

In order to demonstrate ineffective assistance of counsel, a defendant must first establish that the representation fell "below an

objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Second, a defendant must demonstrate prejudice—i.e., that there is a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694. As the Supreme Court more recently explained, "[s]urmounting *Strickland*'s high bar is never an easy task.'" *Cullen v. Pinholster*, 563 U.S. 170, 197 (2011) (citation omitted). "The *Strickland* standard must be applied with scrupulous care." *Id.* (citations and internal quotations omitted).

With respect to the first prong, courts are required to make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 669. Courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant's conclusory arguments that trial counsel was ineffective lack

evidentiary support (the burden is on the defendant to demonstrate a "substantial question") and fail to raise a colorable argument that trial counsel was ineffective.

Dimiceli claims her counsel was ineffective for advising her not to testify. Trial counsel was absolutely correct to advise Dimiceli not to testify because, as detailed in the government's trial brief and the sentencing memo, Dimiceli gave a proffer where she admitted her wrongful conduct and her guilt. *See* C.R. 95, C.R. 173. Had Dimiceli testified, she necessarily would have perjured herself given the evidence and her own prior statements to agents, thus likely enhancing her sentence.

Moreover, the Court directly inquired of Dimiceli whether she wanted to testify and she answered in the negative. This Court and district courts have repeatedly rejected ineffective assistance of counsel claims in similar situations. *See*, *e.g.*, *Horton v. Mayle*, 408 F.3d 570, 577 (9th Cir. 2005) (rejecting ineffective assistance claim challenging failure to call defendant to testify because defendant gave no "signal at trial" that he wished to testify or would have testified); *McElvain v. Lewis*, 283 F.Supp.2d 1104, 1117-18 (C.D. Cal.

2003); ("Since petitioner remained silent when his trial counsel rested the defense without calling him as a witness, he has waived his right to testify and cannot now claim ineffective assistance of counsel due to his counsel's failure to call him as a witness.") (internal citation omitted).

Additionally, the conclusory allegations raised in the motion for a stay contradict the record in this case, and fail to allege any decision made by trial counsel that was deficient or any prejudice sufficient to satisfy the *Strickland* standard. Therefore, Dimiceli has not established a substantial question concerning trial counsel's competence, or that counsel's advice undermines the outcome of this case, and this Court should deny the motion.

## II.   Dimiceli's Rule 9 argument establishes her own violation of the rule.

In 1994, Federal Rule of Appellate Procedure 9(a)(1) was amended to read:

> The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case. A party appealing from the order must file with the court of appeals a copy of the district court's order and the court's statement of reasons as soon as practicable

18

> after filing the notice of appeal. An appellant who
> questions the factual basis for the district court's order
> must file a transcript of the release proceedings or an
> explanation of why a transcript was not obtained.

The District Court stated its reasons why it denied Dimiceli's motion

to stay execution of the sentence at the June 13, 2016, hearing. C.R.

192. Dimiceli's counsel has not ordered the transcript of the June 13

hearing. Both *United States v. Bennett*, 444 F.2d 535 (9th Cir. 1971),

and *United States v. Wheeler*, 795 F.2d 839, 842 (9th Cir. 1986)

interpreted the pre-1994 version of Rule 9. Instead of being an

argument for remand, Dimiceli's non-compliance with Rule 9 is

grounds for denial of the motion because under Circuit Rule 9-1.2(b),

Dimiceli's failure to explain why she has not tried to obtain the

transcript of the June 13 hearing is "prima facie evidence that the

appeal is taken for the purpose of delay within the meaning of 18

U.S.C. § 3143(b)." [2]  This Court should deny the motion for bail

---

[2] Circuit Rule 9-1.2(b) states:

> A movant for bail pending appeal shall also attach to
> the motion a certificate of the court reporter containing
> the name, address, and telephone number of the
> reporter who will prepare the transcript on appeal and
> the reporter's verification that the transcript has been
> ordered and that satisfactory arrangements have been

pending appeal because Dimiceli's non-compliance with Rule 9 shows her appeal is taken for the purposes of delay.

## CONCLUSION

The United States respectfully requests that this Court deny Dimiceli's motion to stay execution of sentence.

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

*/s/ Roger Yang*
ROGER YANG
Assistant United States Attorney

---

made to pay for it, together with the estimated date of completion of the transcript. A motion for bail which does not comply with part (b) of this rule will be prima facie evidence that the appeal is taken for the purpose of delay within the meaning of 18 U.S.C. § 3143(b).

## STATEMENT OF RELATED CASES

The United States is not aware of any related cases before this Court.

CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 27(d)(2), I certify that the

United States's Reponses In Opposition To Motion for Bail Pending

Appeal is 3737 pages.


DATED:  July 25, 2016          */s/ Roger Yang*
                               _____
                               ROGER YANG
                               Assistant United States Attorney

22

**CERTIFICATE OF SERVICE**

When All Case Participants are Registered for the
Appellate CM/ECF System

I hereby certify that on July 25, 2016, I electronically filed the

foregoing with the Clerk of the Court for the United States Court of

Appeals for the Ninth Circuit by using the appellate CM/ECF

system.

I certify that all participants in the case are registered CM/ECF

users and that service will be accomplished by the appellate CM/ECF

system.

*/s/ Roger Yang*
ROGER YANG
Assistant United States Attorney